**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-2714-WJM-KLM

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

SIOBHAN BURTLOW, F.C.F. Warden,
JOSHUA LESSAR, LT Head of Mailroom, and
STEVENS, Sgt. F.C.F. Mailroom,

    Defendants.

---

**ORDER ADOPTING OCTOBER 4, 2022,
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the October 4, 2022, Report and Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 43) that Defendants Siobhan Burtlow, Joshua Lessar, and Stevens's[1] ("Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff Nathanael Eugene Owens timely filed an Objection (ECF No. 48) and Defendants filed a Response (ECF No. 50). Though Defendants were granted additional time to file objections to the Recommendation, they ultimately decided to file none. (ECF No. 49 at 2.) For the reasons explained below, Owens's Objection is

---

[1] Owens is apparently unaware that Stevens's name is actually "Brian Stephens." (*See* ECF No. 28 at 1.) The Court will refer to him as "Stevens" to be consistent with the Amended Complaint and Recommendation.

overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

Owens, proceeding *pro se*, sues Defendants for rejecting his mail without reason and without properly notifying him of that rejection, in violation of his First Amendment rights. (ECF No. 43 at 2–4.) The following background is drawn from the Recommendation, which in turn relies on the allegations in the Amended Complaint (ECF No. 7). (*Id.*) For purposes of considering the Motion, Judge Mix assumed the truth of these allegations.

While Owens was incarcerated at Fremont Correctional Facility ("FCF"), he decided to divorce his wife, Nichole Owens. (*Id.* at 2.) Owens enlisted Samantha Owens, a member of his family, to help him prepare and file the required paperwork, which required Nichole Owens's signature. (*Id.*) Owens completed his portion of the paperwork and mailed it to Samantha Owens. (*Id.*) Samantha Owens "track[ed] down" Nichole Owens and served as witness for her signature on the paperwork. (*Id.*) Samantha Owens then mailed Owens the paperwork via United States Post Office ("USPS") Priority First Class Mail with the intention that Owens could then sign and notarize the completed documents before filing them in the appropriate court. (*Id.*) The tracking number for the documents provided by USPS was 9505 5105 9032 1022 4769 21. (*Id.*)

FCF inspects incoming and outgoing mail unless it is from an attorney, marked as confidential, and includes the attorney's bar number. (*Id.* at 4.) These requirements are set out in Administrative Regulation ("AR") 300-38D. (*Id.* at 3.) The mail containing the documents was marked "confidential" but did not otherwise comply with the

2

requirements of AR 300-38D.  (*Id.* at 4.)   FCF rejected Owens's mail, which was ultimately lost in USPS's system.  (*Id.* at 3–4.)   Owens was not informed the mail would be rejected without a waiver of confidentiality.  (*Id.*)  After learning his mail was lost, he filed a grievance with FCF.  (*Id.* at 4.)  After exhausting the grievance process, he filed this action.  (*Id.*)

## II. RECOMMENDATION

Judge Mix carefully considered Defendants' Motion to Dismiss, construed Owens's Amended Complaint liberally, assumed all facts alleged therein, and made all reasonable inferences in Owens's favor.  (*See id.* at 5–6.)  She considered each of Defendants' arguments, which she described as follows:

> (1) Plaintiff cannot be granted injunctive relief because Plaintiff only sued Defendants in their individual capacities; (2) Plaintiff has failed to allege that a First Amendment violation occurred; (3) Plaintiff has failed to allege that Defendants were personally involved in the purported violation of Plaintiff's First Amendment right; and (4) Defendants are entitled to qualified immunity.

(*Id.* at 8.)

Judge Mix agreed with Defendants' first argument, explaining that Owens can only seek damages from government officials named in their individual capacities and only seek non-monetary relief from government officials named in their official capacities.  (*Id.*)  Because Owens sues Defendants in their individual capacities, Judge Mix concluded the Court cannot grant him the injunctive relief he seeks.  (*Id.*)  Therefore, she recommended that "all claims against Defendants in their individual capacities for injunctive relief be **dismissed with prejudice**."  (*Id.* at 9 (emphasis in original).)

In considering Defendants' second argument, Judge Mix was mindful that Owens

3

lacks counsel.  Liberally construing the Amended Complaint, she found a factual basis for two potential theories of constitutional violation: (1) the rejection of Owens's mail and (2) the failure to notify Owens that his mail would be rejected.  (*Id.*)  On the first theory, Judge Mix concluded Owens had pleaded insufficient facts to state a First Amendment claim and recommended dismissal without prejudice.  (*Id.* at 12.)  On the second theory, Judge Mix concluded Owens had pleaded facts sufficient to state a cognizable Fourteenth Amendment claim, even though he had not relied on such a legal theory in the Complaint.  (*Id.* at 15.)  Accordingly, she recommended Defendants' Motion to Dismiss be denied "as construed by the Court under the Fourteenth Amendment."  (*Id.*)

Judge Mix considered Defendants' argument regarding their personal involvement only with respect to "the remaining Fourteenth Amendment claim."  (*Id.* at 16.)  She noted that individual liability "must be based on personal involvement in the alleged constitutional violation," and "[s]upervisory status alone does not create § 1983 liability."  (*Id.* (first quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); and then quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)) (internal quotation marks omitted).)  Judge Mix ultimately concluded Owens failed to plead sufficient facts to show "an affirmative link . . . between the constitutional deprivation" and either Burtlow or Lessar's conduct.  (*Id.* at 16–18 (quoting *Gallagher*, 587 F.3d at 1069).)  Taking the allegations in the Complaint as true, she concluded "Defendant Stevens was the individual responsible for providing Plaintiff with minimal procedural safeguards [(*i.e.*, notice and the opportunity to waive confidentiality)] and failed to do so."  (*Id.* at 19.)  With respect to the construed Fourteenth Amendment claim, Judge Mix recommended dismissal without prejudice as to Burtlow and Lessar only.  (*Id.*)

Judge Mix considered Defendants' qualified immunity argument in the context of the Fourteenth Amendment claim. (*Id.* at 21.) Judge Mix referred back to her earlier analysis construing Owens's Amended Complaint as stating a claim under the Fourteenth Amendment, concluding Owens had properly alleged a constitutional violation. (*Id.*) "Thus, the remaining question for qualified immunity [was] whether this right was clearly established when it was allegedly violated by Defendant Stevens." (*Id.*) Judge Mix concluded the right was clearly established, "given that the right at issued has been formally recognized since the *Martinez* decision in 1974." (*Id.* (referring to *Procunier v. Martinez*, 416 U.S. 396 (1974), *overruled on other ground by Thornburgh v. Abbott*, 490 U.S. 401 (1989)).) Therefore, Judge Mix concluded "Defendant Stevens is not entitled to qualified immunity on Plaintiff's Fourteenth Amendment Claim" and recommended denying the Defendants' Motion to Dismiss with respect to that claim against Stevens. (*Id.* at 22.)

### III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the

5

matter to the magistrate judge with instructions." *Id.*

## IV.  ANALYSIS

Owens objects only to the portion of the Recommendation that recommended dismissing his First Amendment claim.  (ECF No. 48 at 1.)  In support, he quotes AR 300-38D, and argues it "dictates show CDOC [(the Colorado Department of Corrections)] should process mail . . . and does not state CDOC has the authority to refuse incoming mail, leav[ing] it at the post office, as the Post Master General stated CDOC did."  (*Id.* at 2.)  He continues, "CDOC and its attorney cannot produce a copy of A.R. Form 300-38 . . . notifying me that their [*sic*] was a discrepancy with my incoming mail."  (*Id.*)

Owens objects to the dismissal of his First Amendment claim, which on its face corresponds to Judge Mix's analysis regarding rejection of his mail.  (*Id.*)  The substance of Owens's argument, however, relates to the procedural safeguards he was denied.  (*Id.*)  The legal theory these factual assertions and related objections support is cognizable under the Fourteenth Amendment, as discussed in detail in the Recommendation.  (ECF No. 43 at 12–15.)  As discussed above, Judge Mix recommended permitting Owens to proceed with his Fourteenth Amendment claim against Stevens.  (*Id.* at 15, 19, 22.)

Though Owens's claim is properly understood as a Fourteenth Amendment claim, his "liberty interest" in receiving his mail is "grounded" in the First Amendment. *Martinez*, 416 U.S. at 418.  Because Owens's interest is protected by the Fourteenth Amendment, "[t]he decision to censor or withhold delivery of a particular letter must be accompanied by minimal procedural safeguards."  *Id.* at 417.  As Judge Mix explained,

Owens's Fourteenth Amendment claim is premised on Stevens's alleged denial of these minimal procedural safeguards. (ECF No. 43 14–15.)

Owens's Objection is therefore overruled.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 43) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 48) is OVERRULED;

3. Defendants' Motion to Dismiss (ECF No. 28) is GRANTED IN PART AND DENIED IN PART, as set forth in the Recommendation;

4. Judge Mix's order staying discovery pending resolution of the Motion to Dismiss (ECF No. 37) is VACATED and the Stay is LIFTED; and

5. Counsel for the parties are DIRECTED to jointly contact the Chambers of Judge Mix no later than **March 29, 2023** to set a status conference, or such other proceeding as Judge Mix deems appropriate to promptly advance this litigation.

Dated this 27th day of March, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

7