IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02714-KLM

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

STEVENS, Sgt. F.C.F. Mailroom,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Subpoena Martinez Report 'from Fremont Correctional Facility Administration'** [#62][1] (the "Motion"). Defendant filed a Response [#64] in opposition to the Motion [#62]. No Reply was filed. For the reasons set forth below, the Motion [#62] is **DENIED**.

This lawsuit was filed on October 7, 2021. *Compl.* [#1]. The case has survived its initial screening by the Court, as well as (at least in part) an initial dispositive motion. A Scheduling Conference was held on April 17, 2023. *Minutes* [#59]. Plaintiff filed the present Motion [#62] on May 5, 2023. In the Motion [#62], Plaintiff states:

> Plaintiff asks the court to subpoena a Martinez Report from the warden and assistant warden of Fremont Correctional Facility (FCF) that includes but is not limited to: (1) All grievances against or on issues dealing with the mailroom and property room package mail. (2) All litigation that has been filed against F.C.F. mailroom and property room. Plaintiff requests the

---

[1] "[#62]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

> reports date back from January 1, 2019 up to and including present day. The Plaintiff makes this request to show the issues of this case are systemic and still continuing to happen today.

*Motion* [#62] at 1.  In the Response [#64], Defendant argues, in short, that, "because this matter is past the pleadings phase, and a *Martinez* report is only intended for use as an aid in resolving the Court's initial screening of an inmate's complaint, Plaintiff's request for a *Martinez* report should be denied."  *Response* [#64] at 2.

"The Prison Litigation Reform Act (PLRA) requires district courts to screen prisoner complaints for frivolousness, failure to state a claim, and immunity."  *Hardeman v. Smith*, 764 F. App'x 658, 660 n.2 (10th Cir. 2019) (citing 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b)).  "To facilitate this screening process, district courts can order prison officials to investigate the prisoner's allegations to determine whether they have any factual or legal basis."  *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).  "Because this authority stems from *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978) (per curiam), courts frequently refer to the resulting report as a "*Martinez* report."  *Id.*  The report is intended to provide information for the Court to help it decide preliminary matters such as jurisdiction and defining the issues.  *Martinez*, 570 F.2d at 319.

The primary purpose of a *Martinez* report is to aid the Court in developing "a basis for determining whether a prisoner plaintiff has a possibly meritorious claim."  *Hall*, 935 F.2d at 1112.  In particular, the Court may order a *Martinez* report to aid in identifying and clarifying the issues a pro se plaintiff raises in his complaint, to assist in the Court's broad reading of a pro se litigant's pleadings, and to supplement a plaintiff's descriptions of the practices he contends are unconstitutional.  *Id.* at 1112-13.  However, the Court is not *required* by § 1915(e)(2)(B)(ii) or § 1915A(b) to order a *Martinez* report to determine

2

whether a complaint fails to state a claim upon which relief can be granted.  *Stengel v. N.M. Corr. Dep't*, 640 F. App'x 701, 703 n.4 (10th Cir. 2016) ("This court's precedent permitting the use of *Martinez* reports from prison authorities does not somehow create a procedural entitlement on behalf of prisoners seeking to avoid dismissal of deficient pleadings under Rule 12(b)(6)." (internal quotation marks omitted)).  Importantly, the Court orders a "*Martinez* report not to provide discovery, but to aid in screening the complaint[.]"  *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016).

Here, Plaintiff's Motion [#62] is improper because he is attempting to obtain a *Martinez* report as a discovery tool rather than to help the Court clarify his claims during the initial screening of the complaint.  Plaintiff is appearing in forma pauperis, *see Order* [#4], and the Court has already conducted more than one initial screening of his complaints, *see* [#5, #12], where no *Martinez* report was ordered.  In essence, this means that the Court has already determined which of Plaintiff's claims are adequately pled to proceed to discovery.  The Motion [#62] asks the Court to compel Defendant Stephens (and/or the Colorado Department of Corrections) to produce information through a *Martinez* report which is already available to Plaintiff through ordinary discovery, subject to objections.  **Thus, instead of asking the Court to compel production of a report which does not exist, Plaintiff may serve written discovery requests on Defendant (through his counsel) asking for** *the information which Plaintiff thinks a Martinez report would have contained, if one had been ordered*.  As Defendant states, "[a] *Martinez* report would therefore no longer serve any functional purpose in this case." *Response* [#64] at 5, and Plaintiff may attempt to obtain the information which would be included in such a report through ordinary discovery requests.  Accordingly,

3

IT IS HEREBY **ORDERED** that the Motion [#62] is **DENIED**.

Dated: July 14, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge