IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02714-WJM-KAS

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

STEVENS, Sgt.,[1]

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendant's **Motion for Summary Judgment** [#83][2] (the "Motion"). Plaintiff filed a Response [#92] in opposition to the Motion [#83], and Defendant filed a Reply [#93]. The Motion [#83] has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#84]. The Court has reviewed the briefs, the entire case file, and the applicable law. Based on the following, the Court **RECOMMENDS** that the Motion [#83] be **GRANTED**.

---

[1] The correct spelling of Defendant's name appears to be "Brian Stephens." *See Motion* [#83] at 1.

[2] [#83] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

## I. Background

At all times relevant to this litigation, Plaintiff, who proceeds in this matter as a pro se litigant,[3] was incarcerated with the Colorado Department of Corrections ("CDOC") and housed at the Fremont Correctional Facility ("FCF") in Cañon City, Colorado. *Am. Compl.* [#7] at 2; *Motion* [#83] at 1. In short, Plaintiff asserts that Defendant, a former sergeant with the CDOC, who was assigned to the FCF mailroom, violated his Fourteenth Amendment due process rights on January 27, 2021, by failing to notify Plaintiff that an envelope containing his divorce papers was rejected at the Cañon City Post Office.[4] *See Am. Compl.* [#7] at 8; *Response* [#92] at 1.[5] Defendant now moves for summary judgment pursuant to Fed. R. Civ. P. 56. *Motion* [#83] at 1.[6]

---

[3] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] Plaintiff initially alleged that Defendant and six other FCF officials "violated [his] First Amendment Right to send and receive mail," and "denied [him] access to the courts by rejecting such mail." *Am. Compl.* [#7] at 8. After initial screening [#10, #12], and dispositive motion practice [#28, #43, #54], the Court dismissed Plaintiff's claims, except for his Fourteenth Amendment claim against Defendant. *Recommendation* [#43] at 22; *Order* [#54] at 1-2.

[5] In his Response [#92], Plaintiff "submit[s] his supplemental filings to add Defendant Reyes" and what appear to be supervisory liability and retaliation claims against Defendant. *Response* [#92] at 1-2, 7. However, the Court previously denied [#91] Plaintiff's Motion to Amend [#86] to add Reyes as a defendant, because the motion did not comply with Fed. R. Civ. P. 15(a) and 15(d). *Order* [#91] at 1. Therefore, given that Plaintiff has not subsequently filed a proper motion to amend, the Court does not consider any arguments regarding new claims or new parties. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (concluding that "liberalized pleading rules [do not] permit [pro se] plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case"); *see also Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief").

[6] Plaintiff "fail[ed] to properly address [Defendant's] assertion[s] of fact," and therefore, the Court "consider[s] the fact[s] undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); *see Hampton v. Barclays Bank Del.*, 478 F. Supp. 3d 1113, 1121 (D. Kan. 2020) (concluding that "because

Plaintiff and his ex-wife, Nichole Owens ("Nichole"), decided to divorce sometime in late 2019 or early 2020. *Motion* [#83] at 3; *Def.'s Ex. B, Depo. of Pl.* [#83-2] at 23[7]:3-17. Sometime later, Plaintiff completed his part of the divorce paperwork, and because Nichole was difficult to locate, he sent the paperwork to his then sister-in-law, Samantha Owens ("Samantha"), to deliver to Nichole. *Motion* [#83] at 3; *Def.'s Ex. B* [#83-2] at 23:3-24:5, 26:5-14. Plaintiff testified that his mother and Samantha took "six to eight months to track [Nichole] down" for her to complete the divorce paperwork. *Motion* [#83] at 4; *Def.'s Ex. B* [#83-2] at 26:17-21. Plaintiff further testified that, on January 22, 2021, Samantha sent the divorce papers to him in an envelope, with U.S. Postal Service tracking number 9505-5105-9032-1022-4769-21. *Motion* [#83] at 4; *Def.'s Ex. B* [#83-2] at 24:7-15, 26:1-14.

In March 2021, after his mother reached out to the Cañon City Post Office, Plaintiff learned that the mail had been "rejected [and] was now lost in their system." *Motion* [#83] at 4; *Def.'s Ex. B* [#83-2] at 27:11-16, 30:3-11. Plaintiff contends that, on January 27, 2021, "[Defendant] refused to take the mail" containing his divorce paperwork at the Cañon City Post Office. *Motion* [#83] at 4; *Def.'s Ex. B* [#83-2] at 27:1-23. Plaintiff submitted a "USPS Tracking Intranet Tracking Number Result" document "as part of the formal offender grievances he filed with the CDOC in 2021," which provides tracking data on the status of the envelope containing his divorce paperwork. *Motion* [#83] at 6; *Def.'s Ex. E, Product Tracking & Reporting* [#83-5] at 1. The document shows that the envelope

---

plaintiff has controverted none of defendants' facts, the court can consider those facts undisputed for purposes of summary judgment"), *aff'd*, No. 20-3175, 2021 WL 3237082 (10th Cir. July 30, 2021).

[7] Page number citations refer to the deposition transcript's original numbering.

was "refused" at the Cañon City Post Office on January 27, 2021, at 6:23 p.m. *Def.'s Ex. E* [#83-5] at 3. However, the document contains no information regarding the identity of the individual who rejected the envelope.

According to the relevant CDOC Administrative Regulation, AR 300-38D (the "AR"), which outlines the procedures that corrections officers must follow regarding "offender correspondence," "[o]ffenders are notified when incoming or outgoing letters are withheld in part or in full[.]" *Motion* [#83] at 4; *Def.'s Ex. C, AR 300-38(IV)(C)(8)*(a) [#83-3] at 1, 8. The AR states that "[t]he offender will receive a written notification of the rejection . . . within ten days of receipt of the item by [C]DOC mailroom employees." *Motion* [#83] at 5; *Def.'s Ex. C, AR 300-38(IV)(C)(8)(b)* [#83-3] at 8-9.

Plaintiff testified that "sergeants of the post are usually the ones that check out the vehicles and go and retrieve" the mail and that, therefore, Defendant "would have been the one that went and got [his] mail from the post office" on January 27, 2021. *Motion* [#83] at 5; *Def.'s Ex. B* [#83-2] at 36:22-37:2. Plaintiff testified that the records for "the mailroom that day . . . [would] be definitive of [Defendant's] involvement." *Motion* [#83] at 5; *Def.'s Ex. B* [#83-2] at 37:8-38:7. However, the FCF vehicle log [#83-4] "shows that [Defendant] did not check out a state vehicle on January 27, 2021[.]" *Motion* [#83] at 6 (emphasis omitted); *Def.'s Ex. D, FCF Vehicle Log* [#83-4] at 1-2.

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which

4

summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

In determining whether summary judgment is appropriate, the Court resolves factual disputes and draws reasonable inferences in favor of the nonmovant. *Chase Mfg., Inc. v. Johns Manville Corp.*, 79 F.4th 1185, 1195 (10th Cir. 2023). However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted) (emphasis in original). An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party, and a fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (.

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *Anderson*, 477 U.S. at 248, 256. When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the

5

record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment. Rule 56(c) provides that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
>
> . . .
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4).

### III. Analysis

Defendant argues that he is entitled to summary judgment for three reasons. First, Defendant argues that Plaintiff "offer[s] only speculation that [Defendant] was ever in a position to have refused to notify [Plaintiff] that the mail containing his divorce papers had been rejected," which "do[es] not constitute competent summary judgment evidence." *Motion* [#83] at 9 (citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)). Second, Defendant argues that "[Plaintiff] cannot show that [Defendant] personally participated in a due process violation." *Motion* [#83] at 10.

6

Third, Defendant argues that he is entitled to qualified immunity because Plaintiff "failed to meet the first component of qualified immunity in that he cannot show that [Defendant] violated any federal law." *Motion* [#83] at 13. The doctrine of qualified immunity "shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant asserts qualified immunity, the burden shifts to the plaintiff to satisfy a strict two-part test demonstrating that the defense is not applicable. *Fisher v. City of Las Cruces*, 584 F.3d 888, 893 (10th Cir. 2009). First, viewing the evidence in the light most favorable to the plaintiff, the plaintiff must demonstrate that a defendant's actions violated a constitutional or statutory right. *Id*. Second, "the plaintiff must show that the right was clearly established at the time of the alleged unlawful activity." *Id.* The Court may examine the two prongs of qualified immunity in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand").

"[S]tandard analysis under [the Due Process Clause] proceeds in two steps: We first ask whether there exists a liberty . . . interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "The interest of prisoners . . . in uncensored communication by letter . . . is plainly a 'liberty interest' within the meaning of the

7

Fourteenth Amendment[.]" *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). "To protect this liberty interest, 'the decision to . . . withhold delivery of a particular letter must be accompanied by minimum procedural safeguards.'" *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Martinez*, 416 U.S. at 417). "[T]his procedural threshold [is] satisfied by requirements that 'an inmate be notified of the rejection of a letter . . . addressed to him, that the author of that letter be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence.'" *Barrett*, 373 F. App'x at 825-26 (quoting *Martinez*, 416 U.S. at 418-19).

Here, Defendant does "no[t] dispute that [Plaintiff] is entitled to minimum procedural safeguards in the event prison staff withholds or rejects mail addressed to him." *Motion* [#83] at 9. Additionally, no dispute exists about whether "CDOC provides these safeguards as a matter of department-wide policy." *Motion* [#83] at 9; *Am. Compl.* [#7] at 8; *Def.'s Ex. C, AR 300-38* [#83-3]. Rather, Plaintiff asserts that Defendant violated his due process rights by failing to follow the CDOC procedural safeguards, as outlined in AR 300-38. *See Am. Compl.* [#7] at 8-9.

Given that the undisputed evidence shows that Plaintiff's mail was "refused" at the Cañon City Post Office on January 27, 2021, and he was not aware that the mail was rejected until his mother contacted the Cañon City Post Office in March 2021, Plaintiff's Fourteenth Amendment due process rights may have been violated. *Def's Ex. B* [#83-2] at 27:11-23; *Def's Ex. E* [#83-5] at 1; *see Martinez*, 416 U.S. at 417; *Barrett*, 373 F. App'x at 825-26. However, even assuming for purposes of the present Motion [#83] that

Plaintiff's Fourteenth Amendment due process rights were violated, Plaintiff fails to show that Defendant personally participated in the any violation of his due process rights. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). In other words, "there must be an affirmative link . . . between the constitutional deprivation and . . . [Defendant's] personal participation[.]" *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted).

In *Allen v. Corrections Corporation of America*, 524 F. App'x 460, 465 (10th Cir. 2013), the plaintiff filed a First Amendment access-to-courts claim, alleging that an individual defendant "received and discarded his disciplinary appeals." The Tenth Circuit "conclude[d] that the evidence [was] insufficient to create a genuine issue of material fact" because "there [was] no evidence that [the individual defendant] actually received the appeals," and "[the plaintiff] failed to demonstrate that [the defendant] discarded the appeals." *Allen*, 524 F. App'x at 465. The Tenth Circuit emphasized that "to hold [the defendant] personally liable for failing to process (in fact, deliberately discarding) his appeals . . . , [the plaintiff] needs to show that it was [the defendant] who discarded the appeals, and not others who had custody of them, for example, in the mailroom." *Id.* at 466. The Tenth Circuit affirmed summary judgment for the defendant, concluding that, because the plaintiff merely "assumed that [the defendant] discarded his appeal forms, without proof," "[h]is speculative assertions [we]re insufficient to hold [the defendant] personally liable." *Id.*

While the claim at issue in *Allen* was a First Amendment access to courts claim, and not a Fourteenth Amendment due process claim, the Court finds *Allen* persuasive to

9

the extent that it explains what Plaintiff must show to establish a genuine issue of material fact with respect to whether Defendant is personally liable for failing to notify Plaintiff that his mail was rejected. Plaintiff's assertion that Defendant rejected his mail is based entirely on the fact that Defendant was "responsible for the handling of inmate mail[.]" *Def.'s Ex. B* [#83-2] at 35:15-36:3. However, the FCF vehicle log [#83-4] "shows that [Defendant] did not check out a state vehicle on January 27, 2021[.]" *Motion* [#83] at 6; *Def.'s Ex. D* [#83-4] at 1-2. Because "[t]here is simply no evidence that [Defendant] actually received [or personally rejected Plaintiff's mail]," the Court finds that Plaintiff's speculatory assertion that Defendant is personally liable for rejecting his mail without notifying Plaintiff is insufficient to create a genuine issue of material fact. *Allen*, 524 F. App'x at 465.

In short, the Court finds no genuine dispute of a material fact with respect to whether Defendant violated Plaintiff's Fourteenth Amendment due process rights, and therefore, Defendant is entitled to qualified immunity. Accordingly, the undersigned **recommends** that the Motion [#83] be **granted**.

## IV. Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion [#83] be **GRANTED**, and that judgment be entered in favor of Defendant on Plaintiff's claim.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the

Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996).

Dated: July 16, 2024                           BY THE COURT:

                                               Kathryn A. Starnella
                                               United States Magistrate Judge