IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2714-WJM-KAS

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

STEVENS, Sgt. F.C.F. Mailroom,

    Defendant.

## ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is the Recommendation of United States Magistrate Judge Kathryn A. Starnella ("Recommendation") (ECF No. 98) that Defendant Brian Stevens's[1] Motion for Summary Judgment (ECF No. 83) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

*Pro se* Plaintiff Nathanael Eugene Owens timely filed an Objection (ECF No. 99), to which Defendant filed a Response (ECF No. 102). For the following reasons, Plaintiff's Objection is overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

Plaintiff sues Defendant for failing to notify him that his mail had been rejected by prison staff officials at the Cañon City Post Office, in violation of his Fourteenth Amendment rights. (ECF No. 43 at 2–4.) While Plaintiff was incarcerated at Fremont

---

[1] Plaintiff is apparently unaware that Defendant's name is actually "Brian Stephens." (*See* ECF No. 28 at 1.) Nonetheless, the Court will refer to Defendant as "Stevens" to be consistent with the Amended Complaint and Recommendation.

Correctional Facility ("FCF"), he decided to divorce his wife, Nichole Owens. (*Id.* at 2.) Plaintiff enlisted Samantha Owens, a member of his family, to help him prepare and file the required paperwork, which required Nichole's signature. (*Id.*) Plaintiff completed his portion of the paperwork and mailed it to Samantha. (*Id.*) Samantha "track[ed] down" Nichole and served as witness for her signature on the paperwork. (*Id.*) Samantha then mailed Plaintiff the paperwork via United States Post Office ("USPS") Priority First Class Mail so that Plaintiff could then sign and notarize the completed documents before filing them in the appropriate court. (*Id.*) The tracking number for the documents provided by USPS was 9505 5105 9032 1022 4769 21. (*Id.*)

FCF inspects incoming and outgoing mail unless it is from an attorney, marked as confidential, and includes the attorney's bar number. (*Id.* at 4.) These requirements are set out in Administrative Regulation ("AR") 300-38D. (*Id.* at 3.) The mail containing the documents was marked "confidential" but did not otherwise comply with the requirements of AR 300-38D. (*Id.* at 4.) A prison official at FCF rejected Plaintiff's mail, which was ultimately lost in USPS's system. (*Id.* at 3–4.) Plaintiff was not informed that the mail would be rejected without a waiver of confidentiality. (*Id.*) After learning that his mail had been lost, he filed a grievance with FCF. (*Id.* at 4.) After exhausting the grievance process, he filed this action. (*Id.*)

After rounds of other dispositive motions and orders (*See* ECF No. 54), Defendant moved for summary judgment, arguing that Plaintiff merely speculates that Defendant was the person who refused his mail and failed to notify him of this fact. (ECF No. 83 at 10.) He further argues that he is entitled to qualified immunity because Plaintiff "cannot show that [he] violated any federal law." (*Id.* at 13.)

2

In the Recommendation, Judge Starnella acknowledges that "Plaintiff's Fourteenth Amendment due process rights may have been violated" because the undisputed evidence shows that someone refused his mail "at the Cañon City Post Office on January 27, 2021, and [Plaintiff] was not aware that the mail was rejected until his mother contacted the Cañon City Post Office in March 2021."  (ECF No. 98 at 8.)  Still, Judge Starnella recommends granting Defendant's summary judgment motion because no evidence "show[s] that Defendant personally participated in the violation of his due process rights," as is required under Tenth Circuit caselaw.  (*Id.* at 9 (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).)

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id*.  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

## III.  ANALYSIS

Plaintiff objects to the Recommendation, arguing that, although he has been unable to "ascertain the identity of the responsible staff member," it is not his fault

3

because "prison staff[] refus[ed] to disclose the identity of the personnel involved in the incident." (ECF No. 99 at 2–3.) As to his efforts to identify the proper defendant, Plaintiff vaguely refers to a motion he previously filed seeking further discovery from Defendant and to amend his complaint to add a new defendant. (*Id.* at 1.)

Initially, the Court addresses Plaintiff's reference to the motion he previously filed in this case. The Court denied that motion—Plaintiff's Motion Asking the Court to Permit Plaintiff Supplemental Pleadings, *i.e.*, his Motion to Amend (ECF No. 86)—because it failed to comply with Fed. R. Civ. P. 15(a) and Local Rule 15.1(b). (ECF No. 91.) Plaintiff does not explain how his motion complied with those rules or why the Court's order was otherwise erroneous. The Court therefore will not disturb that order or "permit [him] to conduct discovery to obtain the name and roles of the prison staff involved in the alleged incident" or "[a]llow [him] to amend the complaint" based on that motion. (ECF No. 99 at 4.)

Turning to the remainder of the Objection, the Court perceives no reason to set aside the Recommendation's findings. Plaintiff repeatedly confirms in his Objection the finding most central to Judge Starnella's Recommendation to grant summary judgment: that he has provided no evidence that Defendant is the person responsible for notifying him that his mail had been rejected. (*See id.* at 2–3 (explaining that "prison staff left [him] with no choice but to speculate on the defendant's identity"); *see also id.* at 3 (acknowledging his "inability to correctly name the defendant").). And, as the Recommendation correctly observes, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote*, 118 F.3d at 1423; *see also Eaves v. Kory*, 2024 WL 2764136, at *2 (10th Cir. May 30, 2024)

4

(affirming magistrate judge's findings where "the bulk of [plaintiff's] complaint alleges actions taken by groups of defendants without specifying each defendant's personal role in the alleged constitutional deprivation"). Hence, because there is no evidence that Defendant was personally involved in the alleged constitutional violation, the Court adopts the Recommendation in full.

Accordingly, Owens's Objection is overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Recommendation (ECF No. 98) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 99) is OVERRULED;

3. Defendants' Motion for Summary Judgment (ECF No. 83) is GRANTED, as set forth in the Recommendation;

4. Judgment shall be ENTERED against Plaintiff and in favor of all Defendants on all claims (*See*, the Court's earlier Motion to Dismiss Order (ECF No. 54));

5. The Clerk shall TERMINATE this case; and

6. The parties shall bear their own costs.

Dated this 18th day of November, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

5